UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEWELL RATLIFF | § | CIVIL ACTION NO. _____ |
| VERSUS | § | SECTION: _____ |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC. | § | MAGISTRATE:_____ |
| | | *Jury Trial Requested* |

## SEAMANS' SUIT

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff, Jewell Ratliff, a person of the full age of majority, who in this SEAMAN'S SUIT respectfully avers the following:

1.

Plaintiff, a seaman, is a person of the full age of majority and with capacity who brings this cause of action pursuant to the provisions of 46 U.S.C. §30104, *et seq.*, commonly referred to as the Jones Act, and all statutes supplemental and amendatory thereto and the General Maritime Laws of the United States of America, including but not limited to the doctrines of unseaworthiness and maintenance and cure. Plaintiff brings this Seaman's Suit without prepaying fees or costs or providing security therefor, pursuant to 28 U.S.C. §1916.

–1–

2.

Made defendant herein is:

    A)    Marquette Transportation Company Gulf-Inland, LLC, a company doing business within the jurisdiction of this Honorable Court, engaged in the business of maritime transportation, and at all times material to this cause of action the employer of the plaintiff and/or the owner, owner pro hac vice, and/or operator of the ST ELMO.

3.

On or about May 30, 2019, Plaintiff, Jewell Ratliff, was employed by the defendant as a deckhand and member of the crew of the ST ELMO, a vessel owned and/or operated by defendant. While working aboard the ST ELMO, Plaintiff was injured when the vessel suddenly and unexpectedly allided with a barge while Plaintiff was descending stairs from the second floor to first floor.

4.

Due to the incident on or about May 30, 2019, Plaintiff sustained personal injuries, including, but not limited to, his lower back and lumbar spine.

5.

The legal cause of this incident was the fault and/or negligence attributable to the defendant, and/or defendant's agents and employees for whom defendant is vicariously responsible, in the following non-exclusive respects::

    a.    failing to provide the Plaintiff with a safe place to work;

    b.    failing to correct an unsafe condition of which Defendant knew or should have known;

    c.    failing to provide a seaworthy vessel and appurtenances;

    d.    failing to properly maintain and equip the ST ELMO;

    e.    failing to provide competent boat operators;

    f.    the failure of the boat operator to maintain safe control of the vessel;

    g.    failing to adequately train and/or otherwise supervise its personnel in the performance of their duties;

    h.    negligence per se;

    i.    res ipsa loquitur;

    j.    failing to conduct appropriate safety analysis of the work prior to instructing that work be commenced; and,

    k.    other negligent acts and/or omissions to be shown at the trial of this action.

6.

A proximate cause of this incident herein was the unseaworthiness of the ST ELMO and its appurtenances.

7.

This accident occurred while plaintiff was performing seaman's work and in the service of a vessel entitling him to receive maintenance and cure benefits.

8.

As a result of the above and foregoing negligent acts and/or omissions and/or unseaworthiness, Plaintiff, Jewell Ratliff, suffered physical and mental injuries and seeks monetary damages for the following:

    a.    Past and future loss of wages and benefits;

    b.    Impairment of future earning capacity;

    c.    Past and future physical pain and suffering;

    d.    Past and future mental and emotional pain and suffering;

    e.    Past and future medical expenses;

    f.    Loss of enjoyment of life;

    g.    Temporary and/or Permanent disability;

    h.    Maintenance and Cure and/or punitive damages for failure to pay maintenance and cure;

    i.    Found; and,

    g.    Additional damages to be shown at the trial of this action.

9.

Plaintiff was not at fault in causing this incident or the resulting damages.

10.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Jewell Ratliff, prays for judgment herein and against defendant, Marquette Transportation Company Gulf-Inland, LLC , that the defendant be duly cited and served with a copy of this SEAMAN'S SUIT, that it be cited to appear and answer same within the delays allowed by law, and that after trial by jury there be judgment rendered herein in favor of plaintiff, Jewell Ratliff, and against defendant herein, in the total sum of seven million and five hundred thousand dollars ($7,500,000.00), plus interest from the date of incident until paid, attorneys' fees, all costs of these proceedings, and for all other general, equitable relief under the law.

–5–

Respectfully Submitted:

**WRIGHT, PICHON & GRAY, PLC**


**/s/Clinton G. Mead**
**Eric A. Wright**, LA Bar. No. 26149
**Jeremy J. Pichon**, LA Bar. No. 32218
**Daryl A. Gray**, LA Bar No. 34225
**David M. Abdullah**, LA Bar No. 27349
**Clinton G. Mead**, LA Bar No. 35244
**Loan H. Do**, LA Bar No. 37099
**Katherine A. Gurley**, LA Bar No. 32150
201 Saint Charles Avenue, Suite 3206
New Orleans, Louisiana 70170
Telephone:     (504) 500-0000

*ATTORNEYS FOR PLAINTIFF*