UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEWELL RATLIFF                                    CIVIL ACTION

VERSUS                                            NO. 19-11299

MARQUETTE TRANSPORTATION                          SECTION M (1)
COMPANY GULF-INLAND, LLC

## ORDER & REASONS

Before the Court is the motion of defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette") to extend the scheduling order deadline to submit the report from the independent medical examination ("IME") to be conducted by Marquette's expert, Dr. Ralph Katz.[1] The motion is opposed by plaintiff Jewell Ratliff.[2] Also before the Court is Ratliff's motion *in limine* to exclude Dr. Katz's testimony,[3] which Marquette opposes.[4] Ratliff filed a reply in further support of his motion.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

I.      **BACKGROUND**

This matter concerns personal injuries allegedly sustained as a result of a maritime collision. On May 30, 2019, Ratliff was employed by Marquette as a deckhand and member of the crew of the *M/V St. Elmo*, a vessel owned and operated by Marquette.[6] While Ratliff was descending the stairs from the second deck to the lower-level galley, the *St. Elmo* collided with a barge, causing Ratliff to sustain injuries to his lower back and lumbar spine.[7] Ratliff filed this

---

[1] R. Doc. 62.
[2] R. Doc. 69.
[3] R. Doc. 34.
[4] R. Doc. 57.
[5] R. Doc. 74.
[6] R. Doc. 1 at 2.
[7] *Id.*

action against Marquette seeking damages under the Jones Act for Marquette's alleged negligence and under the general maritime law for unseaworthiness.[8]

Pursuant to the scheduling order, Marquette's expert disclosures were due to Ratliff's counsel on or before May 11, 2021.[9]  Marquette included Dr. Katz in its timely disclosures, but noted that "Dr. Katz is scheduled to perform an IME on Mr. Ratliff on June 16, 2021, and will provide his report pursuant to FRCP 35.  Due to COVID and the backlog, the IME has been scheduled at the earliest date opportunity under the present scheduling order."[10]  Auriel Toney, a paralegal at the Scialdone Law Firm, PLLC, Marquette's counsel, submitted a sworn affidavit stating in part, "Due to COVID-19 restrictions, the scheduling of IME's became complicated due to concerns in the medical community with seeing patients in person, including the Plaintiff."[11]  She attests that upon contacting Dr. Katz after the "COVID-19 restrictions eased earlier this year," the only date available for an IME of Ratliff was June 16, 2021.[12]

All discovery must be completed by July 9, 2021.[13]  Marquette requests that the deadline for expert reports be extended to July 19, 2021.[14]  The pretrial conference is set for the next day where all parties will discuss preparations for the August 9, 2021 jury trial.[15]

## II.    PENDING MOTION

In his motion to strike, Ratliff argues that Dr. Katz should be excluded as an expert witness because Marquette failed to comply with the scheduling order in that it did not provide an expert report from Dr. Katz within the established deadline.[16]  In opposition, Marquette argues that it

---

[8] *Id.* at 2-5.
[9] R. Doc. 19 at 3.
[10] R. Doc. 34-3 at 3.
[11] R. Doc. 57-1 at 2.
[12] *Id.*
[13] R. Doc. 19 at 2.
[14] R. Doc. 62-1 at 3.
[15] R. Doc. 19 at 4.
[16] R. Doc. 34-2 at 1-2.

acted with diligence in scheduling Ratliff's IME as soon as the COVID-19 restrictions began to ease.[17]  On April 15, 2021, Marquette advised Ratliff's counsel of the IME scheduled for June 16, 2021.[18]  Marquette explains that in scheduling the IME for a date after the expert disclosure deadline, it relied on cases holding that Rule 35 of the Federal Rules of Civil Procedure, which governs physical examinations of parties, is applied independently of Rule 26, which deals in relevant part with expert disclosures.[19]  Marquette concedes there are cases holding to the contrary, but none controlling.[20]  Regardless, says Marquette, any confusion occasioned by the law can be cured by modifying the scheduling order, for good cause, to extend the deadline for expert disclosures.[21]

In its motion for extension, Marquette argues that there is good cause to extend the expert report deadline because the IME was scheduled as soon as the COVID-19 restrictions were lifted to allow an in-person examination.[22]  While acknowledging the split in case law between Rules 26 and 35, Marquette contends that the court has the power to extend the deadline for good cause under Rule 16.[23]  Marquette concludes "even the caselaw in conflict acknowledges that a district court may merely rely on Rule 16 and amend the scheduling order as necessary to allow a proper IME and report to be used and relied upon by all experts."[24]

In opposition to the motion for extension, Ratliff argues that Marquette has not demonstrated good cause for extending the deadline as it has not submitted evidence that it was trying to schedule the IME for "months" – Ratliff having disclosed his need for surgery back in

---

[17] R. Doc. 57 at 4.
[18] R. Doc. 74-3.
[19] R. Doc. 57 at 3, 14-15.
[20] *Id.* at 14-15.
[21] *Id.* at 15-16.
[22] R. Doc. 62-1 at 3.
[23] *Id.* at 2-5.
[24] *Id.* at 5.

November 2020.[25]  Ratliff notes that he previously consented to a one-week extension of the expert report deadline.[26]  Further, Ratliff explains that Marquette only filed its motion to extend the deadline after Ratliff filed its motion to strike the IME.[27]  Ratliff never consented to an IME, he says, and was only notified of his appointment via an email from defense counsel unilaterally setting one.[28]

## III.    LAW & ANALYSIS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."  *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  "The Trial Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial."  *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960).

Here, there is good cause to amend the scheduling order.  Marquette argues that "the IME was scheduled as soon as COVID restrictions allowed actual medical examinations and well before the discovery cutoff."[29]  It is unsurprising that the pandemic would make it difficult to schedule an in-person medical appointment.  *See, e.g., Matute v. BP. Expl. & Prod., Inc.*, 2020 WL 4529838, at *3 (E.D. La. June 23, 2020) (holding that the difficulties of the COVID-19 pandemic constituted good cause for amending the scheduling order).  Because Marquette had shown it exercised due

---

[25] R. Doc. 69 at 2.
[26] *Id.* at 3.
[27] *Id.*
[28] *Id.* at 4.
[29] R. Doc. 57 at 4.

4

diligence in scheduling the first-available appointment for Ratliff's IME, there is good cause to extend the deadline to allow submission of an expert report concerning the IME.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion to extend the scheduling order deadline to submit Dr. Katz's expert report concerning the independent medical examination (R. Doc. 62) is GRANTED.

IT IS FURTHER ORDERED that Dr. Katz's expert report concerning the independent medical examination must be submitted to counsel for Ratliff on or before July 7, 2021, at which point Ratliff will have the opportunity to depose Dr. Katz within a reasonable period thereafter (including after the discovery deadline, if necessary). In addition, the deadline for Ratliff to file any *Daubert* motion or other motion *in limine* concerning Dr. Katz or his report is extended to July 16, 2021.

IT IS FURTHER ORDERED that the motion *in limine* to exclude the testimony of defendant's expert, Dr. Katz (R. Doc. 34) is DENIED as MOOT.

New Orleans, Louisiana, this 8th day of June, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE