UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEWELL RATLIFF | CIVIL ACTION |
| VERSUS | NO. 19-11299 |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC | SECTION M (1) |

**ORDER & REASONS**

Before the Court are the motions of defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette") to exclude the testimony and report of Norman J. Dufour, Jr.[1] and to strike[2] plaintiff's untimely dispositive motion on the issue of defendant's limitation of liability.[3] Both of Marquette's motions are opposed by plaintiff Jewell Ratliff.[4] Thereafter, Ratliff filed a motion for leave of court to file his motion on limitation of liability to comply with the scheduling order, which he set for submission on July 15, 2021.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

I. BACKGROUND

This matter concerns personal injuries allegedly sustained as a result of a maritime collision. On May 30, 2019, Ratliff was employed by Marquette as a deckhand and member of the crew of the *M/V St. Elmo*, a vessel owned and operated by Marquette.[6] While Ratliff was descending the stairs from the second deck to the lower-level galley, the *St. Elmo* collided with a

---

[1] R. Doc. 93.
[2] R. Doc. 95
[3] R. Doc. 92.
[4] R. Docs. 100; 102.
[5] R. Doc. 103. The disposition of the other motions addressed in this Court's Order & Reasons effectively addresses Ratliff's request for leave to submit his dispositive motion after the deadline, so there is no need to await the submission date to dispose of it.
[6] R. Doc. 1 at 2.

barge, causing Ratliff to sustain injuries to his lower back and lumbar spine.[7] Ratliff filed this action against Marquette seeking damages under the Jones Act for Marquette's alleged negligence and the general maritime law for unseaworthiness.[8]

## II. PENDING MOTIONS

In its motion to exclude the testimony and report of Dufour, Marquette argues that Dufour should not be allowed to testify as he is not a true rebuttal witness and he was not disclosed by Ratliff in accordance with the scheduling order.[9] In opposition, Ratliff argues that Dufour was only disclosed after the deadline because Marquette failed to identify its marine surveyor expert in its initial disclosures and responses to Ratliff's interrogatories and requests for production.[10] Additionally, Ratliff submits that the motion *in limine* was filed two weeks after the deadline for such motions established in the scheduling order and it should not be considered.[11]

In its motion to strike, Marquette argues – in goose-for-gander fashion – that Ratliff's motion for summary judgment on the issue of limitation of liability should not be considered because it was submitted two weeks after the deadline for dispositive motions set out in the scheduling order.[12] Marquette says it is prejudiced by this untimely motion because it "is being forced to divert attention from trial preparation and incur costs to prepare an opposition to Ratliff's untimely motion."[13] In its opposition, Ratliff does not deny that the motion was untimely, but asserts that ruling on the motion now could save the Court's time and parties' expense at trial.[14] Ratliff asserts that there is good cause to amend the scheduling order to allow the motion because

---

[7] *Id.*
[8] *Id.* at 2-5.
[9] R. Doc. 93-1 at 1.
[10] R. Doc. 100 at 1-2.
[11] *Id.* at 2-3.
[12] R. Doc. 95-1 at 1-3.
[13] *Id.* at 3.
[14] R. Doc. 102 at 2.

Marquette did not timely notify Ratliff that it would be calling a marine surveyor expert at trial in its initial disclosures and discovery responses.[15] In essence, Ratliff explains that he was unaware "that Marquette was even still pursuing the alleged limitation of liability defense."[16]

## III. LAW & ANALYSIS

Under Rule 16(f) of the Federal Rules of Civil Procedure, "the court may issue any just orders, … if a party or its attorney … fails to obey a scheduling or other pretrial order." By consent of the parties, the Court modified the scheduling order so that "[a]ll pretrial motions, including dispositive motions and motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than June 17, 2021."[17] Pursuant to Local Rule 7.2, "motions must be filed no later than the fifteenth day preceding the date assigned for submission." Therefore, any dispositive motions and motions *in limine* regarding the admissibility of expert testimony should have been filed on or before June 2, 2021. Marquette filed its motion *in limine* to exclude the testimony and report of Norman J. Dufour, Jr. on June 16, 2021.[18] That same day, Ratliff also filed its motion for partial summary judgment on the defendant's limitation of liability.[19] Both motions are untimely and will not be considered by the Court.

---

[15] R. Doc. 102 at 3-4.
[16] *Id.* at 3-4.
[17] R. Doc. 43.
[18] R. Doc. 93.
[19] R. Doc. 92.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of defendant Marquette Transportation Company Gulf-Inland, LLC to exclude the testimony and report of Norman J. Dufour, Jr. (R. Doc. 93) is DENIED as untimely.

IT IS FURTHER ORDERED that the motion of plaintiff Jewell Ratliff for partial summary judgment on the defendant's limitation of liability (R. Doc. 92) is DENIED as untimely.

IT IS FURTHER ORDERED that the motion of defendant Marquette Transportation Company Gulf-Inland, LLC to strike plaintiff's untimely dispositive motion (R. Doc. 95) is GRANTED.

IT IS FURTHER ORDERED that the motion of plaintiff Jewell Ratliff for leave of court to file a dispositive motion to comply with the scheduling order (R. Doc. 103) is DENIED as moot.

New Orleans, Louisiana, this 24th day of June, 2021.

                                                        BARRY W. ASHE
                                                       UNITED STATES DISTRICT JUDGE