UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEWELL RATLIFF | CIVIL ACTION |
| VERSUS | NO. 19-11299 |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC | SECTION M (1) |

### ORDER & REASONS

Before the Court is the motion of defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette") to exclude, or in the alternative, to limit the testimony of plaintiff's medical physicians.[1] Plaintiff Jewell Ratliff opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

### I. BACKGROUND

This matter concerns personal injuries allegedly sustained as a result of a maritime collision. On May 30, 2019, Ratliff was employed by Marquette as a deckhand and member of the crew of the *M/V St. Elmo*, a vessel owned and operated by Marquette.[3] While Ratliff was descending the stairs from the second deck to the lower-level galley, the *St. Elmo* collided with a barge, causing Ratliff to sustain injuries to his lower back and lumbar spine.[4] Ratliff filed this action against Marquette seeking damages under the Jones Act for Marquette's alleged negligence and the general maritime law for unseaworthiness.[5]

---

[1] R. Doc. 83.
[2] R. Doc. 98.
[3] R. Doc. 1 at 2.
[4] *Id.*
[5] *Id.* at 2-5.

In his initial disclosures on October 1, 2019, Ratliff first identified as persons who may have discoverable information "medical providers related to and treating since the incident, including representatives, doctors, nurses, and other personnel."[6] On November 2, 2020, Ratliff submitted his Rule 26(a)(2)(c) disclosures in which he identified the "areas of expert testimony upon which plaintiff's treating physicians will offer testimony," specifically listing nine individual medical experts.[7]

In the present motion, Marquette challenges the sufficiency of the disclosures for the nine treating physicians or caretakers. Dr. Lurie of Orthopedic Associates of New Orleans examined Ratliff and treated him on three separate occasions after his initial evaluation.[8] He was identified in Ratliff's initial disclosures, but no topics of testimony were identified for any physician in the initial disclosures.[9] In his Rule 26(a)(2)(C) disclosures, Ratliff stated that "Dr. Lurie will testify as to the injuries suffered by plaintiff, as well as any and all past, present, and future medical treatment, medical restrictions and/or limitations. These are the precise areas identified in Plaintiff's Initial Disclosures and will be based upon medical evaluations, medical treatment, and medical notes of Dr. Lurie."[10] At his deposition, Lurie was tendered as an expert in orthopedic surgery, over Marquette's objection.[11]

Dr. Hawk of Pelican State Outpatient Center examined Ratliff once.[12] She was listed in Ratliff's initial disclosures,[13] and in the Rule 26(a)(2)(C) disclosures, Ratliff stated that she "is

---

[6] R. Doc. 83-2 at 1. Ratliff identified specifically Dr. Lisa Hawk, Dr. Douglas Lurie, Dr. Louis Schruff, and representatives of Pelican State Outpatient Center, Orthopedic Associates of New Orleans, Moreau Physical Therapy, and Diagnostic Imaging Services. *Id.* at 1-2.
[7] R. Doc. 83-3 at 1.
[8] R. Doc. 98 at 3.
[9] R. Doc. 83-2 at 1.
[10] R. Doc. 83-3 at 1. The disclosure goes on to reference a doctor and patient who are not related to this case.
[11] R. Doc. 83-4 at 3-4.
[12] R. Doc. 83-1 at 1.
[13] R. Doc. 83-2 at 1.

disclosed as an expert in the field of general medicine and will testify as identified in Plaintiff's Initial Disclosures, to the injuries suffered by plaintiff, as well as any and all medical treatment, past, present, and future medical restrictions and/or limitations. Additionally, Dr. Hawk will offer opinions consistent with those contained within her medical notes and medical evaluation, including causation."[14]

Dr. Walter Ellis of Causeway Interventional Medicine, LLC was not identified by name or organization in Ratliff's initial disclosures.[15] However, he was identified in Ratliff's Rule 26(a)(2)(C) disclosures with the same exact expert disclosure as Dr. Hawk except that Dr. Ellis was designated as an expert in the field of interventional medicine.[16] Dr. Lurie recommended Dr. Ellis to Ratliff who treated him on three occasions.[17]

While no representative or provider at Diagnostic Imaging Services and Moreau Physical Therapy was identified by name in Ratliff's initial disclosures, both entities were listed as treatment centers.[18] In the Rule 26(a)(2)(C) disclosures, Drs. Louis Schruff and Arthur Satterlee of Diagnostic Imaging Services and therapists Cheryl Spencer, Althea Jones, and Wesley Juneau of Moreau Physical Therapy were identified "as experts in the field of radiology and will testify as identified in Plaintiff's Initial Disclosures, to the injuries suffered by plaintiff."[19]

Dr. Zavatsky was not identified in Ratliff's initial disclosures, but was later disclosed "as an expert in the field of orthopedic medicine and will testify to the injuries suffered by plaintiff, as well as any and all medical treatment, past, present, and future medical restrictions and/or

---

[14] R. Doc., 83-3 at 1-2.
[15] R. Doc. 83-2.
[16] R. Doc. 83-3 at 2. "Dr. Ellis is disclosed as an expert in the field of interventional medicine and will testify to the injuries suffered by plaintiff, as well as any and all medical treatment, past, present, and future medical restrictions and/or limitations. Additionally, Dr. Ellis will offer opinions consistent with those contained within his medical notes and medical evaluation, including causation." *Id.*
[17] R. Doc. 98 at 4.
[18] R. Doc. 83-2 at 2.
[19] R. Doc. 83-3 at 2.

limitations. Additionally, Dr. Zavatsky will offer opinions consistent with those contained within his medical notes and medical evaluation, including causation."[20]

In response to this motion and in an apparent effort to cure the deficiencies outlined in the motion, Ratliff has submitted supplemental disclosures to Marquette.[21]

## II. PENDING MOTION

In its motion to exclude or limit testimony, Marquette argues that Ratliff's expert disclosures are insufficient under either subsection (B) or (C) of Rule 26(a)(2) of the Federal Rules of Civil Procedure.[22] Marquette explains that merely designating an expert as a "treating physician" is not determinative of how they should be classified.[23] Because all the physicians in this case are designated as an expert in a particular field, Marquette argues that they have failed to provide the report required of retained experts.[24] Alternatively, Marquette argues that Ratliff failed to provide it a summary of the facts and opinions to which the witnesses would testify if deemed non-retained experts.[25] Marquette contends that it "is simply left in the dark to speculate about the scope of each physician's testimony."[26]

In opposition, Ratliff argues that he has already identified each expert's area of testimony and that each "will be based upon the evaluations, treatment, and medical notes of the individual doctors."[27] Further, he notes that Marquette "has unilaterally cancelled all of the previously scheduled depositions of Plaintiff's treating physicians in an attempt to exclude their testimony."[28]

---

[20] *Id.* at 3-4.
[21] R. Doc. 98-1 at 29-34. As these disclosures are untimely, the Court did not consider them in the analysis of the motion before the Court.
[22] R. Doc. 83-1 at 1.
[23] *Id.* at 7.
[24] *Id.* at 8-9.
[25] *Id.* at 9-10.
[26] *Id.* at 10.
[27] R. Doc. 98 at 2.
[28] *Id.*

Ratliff contends that each witness is a treating physician who was not retained for rendering expert testimony.[29] Marquette cannot be prejudiced, Ratliff says, as "their Motion is devoid of any indication that the identity or facts surrounding the opinions of these experts are a surprise to the Defendant's [*sic*] in any way."[30]

### III.  LAW & ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. An expert that is retained by a party for purposes of litigation is required to provide an expert report pursuant to Rule 26(a)(2)(B).[31] Prior to 2010, non-retained experts, such as treating physicians, were exempt from Rule 26's expert reporting requirements. *Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sept. 4, 2019). In 2010, Rule 26(a)(2)(C) was added, which provides a modified disclosure requirement applicable to non-retained experts, such as treating physicians. *Id.* Rule 26(a)(2)(C) requires that a party, with respect to a non-retained expert, provide a written disclosure, in lieu of a report, stating: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

A Rule 26(a)(2)(C) disclosure "need not be extensive," but must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (internal quotation omitted; emphasis in original). Although "the rule does not require overly comprehensive disclosure … it does require disclosure in at least *some* form" in order "to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other

---

[29] *Id.* at 5.
[30] *Id.* at 6.
[31] No reports were submitted by Ratliff's proposed experts so he does not contend that they satisfied the requirements of Rule 26(a)(2)(B).

5

experts, if necessary." *Id.* (emphasis in original); *see also Collett v. Weyerhaeuser Co.*, 2021 WL 76396, at *3 (E.D. La. Jan. 8, 2021) ("In lieu of a report, the treating physician's records, summaries of the treatment, or a letter or summary report is produced containing information sufficient to allow opposing counsel to understand the scope of the expected testimony and supplement the information with a pretrial deposition."). However, "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Hous. Sys., LLC*, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016); *see also Knighton v. Lawrence*, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("'[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.'") (quoting *Tolan v. Cotton*, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015)).

In this case, none of the disclosures meet the written disclosure requirements of Rule 26(a)(2)(C) because they do not include"(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." For example, Dr. Hawk is expected to "offer opinions consistent with those contained within her medical notes and medical evaluation, including causation" without any indication of what those opinions entail. Nor does Ratliff identify any medical record setting out any opinion. Such boilerplate "disclosures" do not provide Marquette with the opportunity to prepare for vigorous cross-examination or prepare competing expert testimony.

Ratliff cannot cure his insufficient disclosures with an untimely addendum. The Fifth Circuit has explained that "Rule 26(a) clearly require[s] that the *initial* disclosures be complete and detailed. The purpose of rebuttal and supplementary disclosures is just that – to rebut and to

supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (emphasis in original); *see also Dority v. Wal-Mart Stores East, L.P.*, 2020 WL 8270389, at *2 (W.D. Tenn. Aug. 26, 2020) (holding an amended expert disclosure did "not save the day for Plaintiff as it was inexcusably untimely" because "[n]ot only did Plaintiff fail to meet its expert information deadline, she failed to seek an extension of that deadline"). This is especially true here where there is no explanation why proper disclosures were not submitted in the first instance. Ratliff cannot bypass the rules by supplementing his initial disclosures and effectively surprising Marquette at the last instance – which is the very prejudice the rule is meant to guard against.

Both parties dispute whose fault it is that depositions of the physicians have not been taken,[32] but the issue is immaterial. A deposition cannot replace what information a disclosure must supply. "[I]f the Court were to permit an expert who submits a deficient report to cure the deficiencies in his deposition, the disclosure requirements of Rule 26 would be rendered meaningless." *Shepherd v. GeoVera Specialty Ins. Servs., Inc.*, 2015 WL 1040452, at *2 (E.D. La. Mar. 10, 2015).

Rule 37(c)(1) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fifth Circuit has outlined a four-factor standard to determine whether the failure to meet Rule 26 disclosure requirements was substantially justified or is harmless. *Williams v. Louisiana*, 2015 WL 5438596, at *5 (M.D. La. Sept. 11, 2015). "To avoid abusing their discretion,

---
[32] R. Docs. 98 at 2; 107 at 3-4.

7

courts must: (1) examine the importance of the witness's testimony; (2) consider the prejudice, if any, to the opposing party of allowing the witness to testify; (3) decide whether there is a possibility of curing such prejudice by granting a continuance; and (4) consider the explanation, if any, for the party's failure to comply with the discovery requirements." *Id.* (citing *Sierra Club*, 73 F.3d at 572).

Ratliff's failure to make the disclosures required by Rule 26 is neither substantially justified nor harmless as would warrant allowing him to offer opinion testimony from the medical experts. Ratliff does not explain why he did not initially comply with the disclosure requirements. His barebones statements in the expert disclosures do little more than incorporate his initial disclosures which had not provided or summarized *any* opinions. Rather than explain his failure to comply, Ratliff simply insists that the disclosures were sufficient while simultaneously attempting to cure the noted deficiencies with yet another set of disclosures, albeit an untimely one. Other than alluding to the issue of causation, Ratliff fails to explain why his proposed experts are essential to his case. While expert testimony on causation may be important to the case, the time for expert disclosures has long since passed, and given Marquette's adherence to the Court's pretrial deadlines, the prejudice to Marquette if Ratliff's experts were allowed to testify now would be greater than the prejudice to Ratliff in excluding them. In sum, Ratliff offers no justification for his failure to comply with the disclosure requirements, and this failure poses real harm to Marquette and the orderly administration of justice.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that motion of defendant Marquette Transportation Company Gulf-Inland, LLC to exclude, or in the alternative, to limit the testimony of plaintiff's medical physicians (R. Doc. 83) is GRANTED.

IT IS FURTHER ORDERED that the witnesses named in this motion may testify as fact witnesses (including testimony about their treatment and diagnosis of plaintiff), but they may not testify as experts (so cannot offer opinion testimony) due to plaintiff's failure to comply with the Rule 26(a)(2)(C) disclosure requirements.

New Orleans, Louisiana, this 9th day of July, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE